Opinion on the Court.
7T;73 was a hill exhibited by Cravens and Gray, for a-> i/j';"¡ction and relief against a judgment at law, whim t.vd been, recovered against them on their note for pm,
*93 Though not well drawn, the bill in substance charges, that after the suit at law had been commenced and whilst it was pending in the court of original jurisdiction, Harrison accepted and received the note of David Davis in full discharge of the note of Cravens and Gray, upon which the suit was brought; and at the same time gave an instrument of writing acknowledging the receipt of Davis’ note for that purpose, and promising “ to dismiss the suit against Cravens and Gray and pay all costs, and give Davis the disposal of the note on Cravens and Gray, to settle up with them.” The bill further charges, that Cravens thereafter paid the amount of the note upon which suit was brought, to Davis; and that Harrison, notwithstanding, failed to dismiss the suit, according to his agreement with Davis, but has recovered therein a judgment at law. The bill prayed and obtained an injunction against the judgment at law, and asked for the injunction to be finally made perpetual, &c.
Harrison, in his answer to the bill, admits the receipt of the note from David Davis, at the time and for the purpose stated in the bill; but alleges the note to have been received from Davis under a contract with him; and insists that Cravens and Gray cannot have thereby become entitled to any equity against the payment of their note, without payment "being first made by Davis of the note given by him, which Harrison alleges has not been done; and he charges that Davis has since departed this life, insolvent.
The circuit court, on a final hearing, dissolved the injunction of Cravens and Gray with damages, and dismissed his bill with costs.
To reverse that decree, this writ of error, with su-persedeas, has been prosecuted by Cravens and Gray.
The assignment of errors- questions the propriety of the decision of the circuit court, in excluding from the cause depositions which were taken by Cravens and Gray, as well as the correctness of the decree upon US' merits.
We are of opinion, that the court erred ip excluding the depositions. The depositions appear to have been regularly taken after due notice, and delivered to the elerk in proper time to be filed. It is true, the clerk, on receiving the depositions, appears not to have filed them with the bill and other papers in the cause; and *94 it was not until after the bill and answer were read and the case stated by the complainant’s counsel, and the counsel for the defendant was replying, that the court were informed of the depositions having been taken. But search was then immediately made in the office by the clerk, the depositions found, and offered as evidence in the cause.
Under these circumstances, we think, it was adopting too great rigor in practice to exclude the depositions. It was certainly incumbent on the clerk, when the depositions were delivered to him, to file them with the other papers in the cause, and a vigilant counsel might have been expected to have seen that the depositions were in their proper place, before he entered on a trial of the cause; but the complainants had done every thing which was incumbent on them to do to have the benefit of the depositions, and ought not to be deprived of the evidence therein contained by the inattention of their counsel or the misconduct of the clerk. The cause was still within the power of the court, when the depositions were offered; and it would have been better calculated to attain the justice of the cause, and more consonant with the exercise of a sound and liberal discretion, for the Court to have admitted the depositions.
The circumstance of the court having erred in excluding the depositions, would not, however, be sufficient to authorise a reversal of the decree, if the evidence contained in the depositions, in connection with the other facts of the case, are insufficient to justify a decree on the merits in favor of the complainants, For-if insufficient, the complainants have sustained no injury by the exclusion of the depositions; and where no injury is produced by the decision of a court of original jurisdiction, this court ought never to reverse the decree.
It is proper, therefore, as the depositions are incorporated in the record by a bill of exceptions, that we should enquire into their sufficiency, in conjunction with the other facts of the case, to authorize a decree m favor of the complainants.
Thus considering the case, we have no hesitation in pronouncing, that relief should be decreed to the complainants. The evidence is insufficient to prove thaj;. David Davis has paid to Harrison the amount of the *95 note given by him in satisfaction of the note upon which the judgment at law was recovered by Harrison against Cravens and Gray; but the writing which was given by Harrison to Davis at the time Davis gave his note, shews that the-disposal of the note of Cravens and Gray was given up by Harrison to Davis; and the evidence satisfactorily proves that Cravens, under the belief that Davis possessed authority to receive payment, has, in fact, satisfied the note of him and Gray, and took in the receipt which was given by Harrison to Davis.
It cannot, therefore, be material whether or not Davis has discharged the note given by him to Harrison; for the contract between Harrison and Davis unquestionably conferred on Davis the right to receive pay from Cravens and Gray, and consequently the payment which was made by Cravens to Davis must be held to have conferred upon him and Gray a clear equity against the judgment of Harrison.
The decree must, therefore, be reversed with costs, the cause remanded to the court below, and a decree there entered consistent with the principles of this opinion.